UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUCKY EGG LIMITED,

Plaintiff,

26-cv-3985 (PKC)

-against-

ORDER

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

Defendants.

---

CASTEL, U.S.D.J.

Plaintiff Lucky Egg Limited ("Lucky Egg") moves for a default judgment against the approximately 45 persons or entities listed on "Amended Schedule A" (the "Defaulting Defendants"). The Proposed Default Judgment asks this Court to find that each Defaulting Defendant has engaged in trademark infringement and counterfeiting (15 U.S.C. § 1114 et seq.), false designation of origin (15 U.S.C. § 1125(a) et seq.), copyright infringement (17 U.S.C. § 101 et seq.), "and/or" unfair competition under New York common law.[1] (ECF 55 at 2.)

[1] The use of the "and/or" before the New York common law claim leaves open the possibility that only a state law claim was proven against a defendant without any finding on the appropriateness or applicability of supplemental jurisdiction.

The Court concludes that Lucky Egg has not demonstrated that there is personal jurisdiction over the Defaulting Defendants. See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010) ("[W]e agree with our sister circuits that before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant. . . .")

Lucky Egg's support for personal jurisdiction principally consists of a two conclusory statements in a memorandum of law made upon information and belief and intended to sweep in all Defaulting Defendants. Neither statement asserts that any Defaulting Defendant has made a sale of a product in New York, as distinguished from offering them for sale. See ECF 53 at 8 ("On information and belief, Defaulting Defendants are an interrelated group of counterfeiters working in active concert. . . ."); Id. ("Each Defaulting Defendant targets the United States, including New York, and on information and belief, has sold, offered to sell, and/or continues to sell and/or offer to sell Counterfeit Products to consumers within the United States, including the State of New York.") The Proposed Judgment does not ask this Court to find that any sales have been made into New York by any one of the Defaulting Defendants. (ECF 55 at 2.)

"Courts tasked with applying these principles to trademark infringement claims against overseas defendants have generally required that those overseas defendants have (1) accepted payment for the allegedly counterfeit products and (2) agreed to ship them to New York." Off-White LLC v A&S Store, 22-cv-2869 (PAE) (BCM), 2026 WL 2731545, at *5 (S.D.N.Y. Sept. 16, 2026) (Engelmayer, J.) (citing

American Girl, LLC v. Zembrka, 118 F.4th 271, 273 (2d Cir. 2024).)[2] See also Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 162–63 (2d Cir. 2010).

The motion for entry of a default judgment (ECF 52) is DENIED without prejudice to renewal within 30 days.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 28, 2026

[2] Off-White, also cites three district court opinions declining to find personal jurisdiction where no evidence was offered of a sale by the defendant into New York. See Moose Toys Ltd v. Baby&Mommy Kingdom Toy Store, 21-cv-2370, 2025 WL 3466662, at *6 (S.D.N.Y. Sept. 19, 2025); Alibaba Group. Holding Ltd. v. Alibabacoin Foundation, 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018); and *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 365 (S.D.N.Y. 2020), adhered to in part on reconsideration, 2020 WL 5350541, at *2 (S.D.N.Y. Sept. 4, 2020).